# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAURA K. FOSTER, | ) |
| Plaintiff, | ) |
| | ) Case No. 14-cv-4701 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| CHICAGO TRANSIT AUTHORITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Laura K. Foster ("Foster") filed a six-count amended complaint against her former employer the Chicago Transit Authority (the "CTA"), alleging claims of retaliation and discrimination in violation of Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and the Illinois Human Rights Act ("IHRA"), and a claim for intentional infliction of emotional distress. The CTA moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the CTA's motion to dismiss.

**Background**

The following facts are taken from the amended complaint and accepted as true for the purposes of ruling on the instant motion. The CTA is a municipal organization located in Chicago, Illinois. Foster, a female with chronic obstructive pulmonary disease, worked for the CTA from 1987 to 2009.

Foster began her tenure at the CTA as an apprentice. She was promoted to painter leader in July 1991 and to painter foreman in June 1994. She was the first woman to hold those positions within the CTA's facilities management department. Foster alleges, however, that her promotion to painter leader was delayed because a general manager prevented her from attending

leader school.  She further alleges that in September 2008, when she returned from a leave of absence after serving as a full-time union representative, she was demoted from painter foreman to journeyman due to her sex.  The vice president of employee relations told her that he needed to demote her to protect the seniority of the male foremen.  Around that same time, one of Foster's male colleagues returned from a leave of absence as a union official and was permitted to resume his former job as a foreman without losing seniority.

Foster complained and reported "over the years" to CTA that her fellow Hispanic and African-American colleagues experienced "employment discrimination" based on their race and that she endured employment discrimination based on her sex.  (Am. Compl., Dkt. # 22-1, ¶¶ 11-13.)  She alleges that the CTA discriminated against her and her colleagues when it repeatedly assigned them to work as a team at the dirtiest and least desirable work sites.  She further alleges that the CTA discriminated against her on the basis of her "diagnosed and disclosed" chronic obstructive pulmonary disease by assigning her to these same worksites, often without respiratory safety equipment.  (*Id.*, ¶ 15.)  Foster alleges that the CTA retaliated against her "for alleging that CTA" has discriminated against her and her fellow employees by imposing on her repeated discipline on false charges of misconduct and work assignments in the least desirable work sites.  (*Id.*, ¶ 17.)

On January 14, 2014, Foster filed a charge against the CTA with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") alleging retaliation and discrimination based on sex and disability.  On January 27, 2014, the EEOC issued Foster a right to sue letter.  Foster filed her initial twenty-two count complaint on June 2, 2014, in the Circuit Court of Cook County against the CTA and a number of its employees asserting, among others, claims for retaliation under Title VII and the Illinois

Whistleblower Act, and negligent infliction of emotional distress. Those defendants removed the case to this Court on June 23, 2014, and subsequently filed motions to dismiss for failure to state a claim and lack of jurisdiction. In response, Foster sought leave to file an amended complaint to streamline her allegations and remove all of the individual defendants. The Court allowed the amendment. The CTA now moves to dismiss Foster's amended complaint.

**Legal Standard**

When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

*1. Title VII, ADA, and IHRA Claims*

In Counts 1 and 2, Foster seeks recovery from the CTA under Title VII asserting claims for retaliation and discrimination on the basis of sex. In Count 3, she claims that the CTA discriminated against her based on her disability, in violation of the ADA. Foster alleges in Counts 4 and 5 that the CTA violated the IHRA by discriminating against her based on her sex and disability. The CTA argues that these claims should be dismissed as time-barred because Foster failed to file a charge with the EEOC or the IHDR within the prescribed time periods.

3

In order to pursue a civil action under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the date of the alleged violation. 42 U.S.C. § 200e-5(e)(1). Because the ADA's enforcement provision expressly incorporates § 200e-5 of Title VII, claims for discrimination under the ADA also must be filed with 300 days after the alleged unlawful employment practice occurred. *Id.*; 42 U.S.C. § 12117(a). Regarding IHRA claims, a plaintiff must file her charge with the IDHR within 180 days. 775 ILCS 5/7A-102(A). Here, according to Foster's complaint, she filed her EEOC charge with the IDHR on January 14, 2014. Therefore, any allegations of discrimination or retaliation occurring prior to March 20, 2013, for her federal claims, or July 18, 2013, for her IHRA claims, are untimely. In her complaint, the actions Foster identifies as retaliatory or discriminatory all occurred during her employment and at the latest in 2009, when her employment ended. (*See* Dkt. 22-1, ¶¶ 4, 6-21.) Since the events underlying her claims occurred more than 300 days and 180 days from the date she filed her charge on January 14, 2014, Foster's retaliation and discrimination claims pursuant to Title VII, the ADA and the IHRA are time-barred.

Foster argues in her response brief that she "in actuality filed her original complaint [with the EEOC] in 2009, while she was still an employee of the CTA," yet "[a]t some point after the filing, the EEOC by their own mistake misplaced the file and did not issue a ruling." (Dkt. # 37, p. 1.) She contends that the purported 2009 charge contained claims related to her Title VII, ADA and IHRA claims in this action. Foster also argues that she apparently contacted the EEOC four years after her "original filing," in December 2013, to inquire of the status and later filed "the same charges" in the January 14, 2014 charge alleged in her complaint. She puts forth this argument without providing the actual date of the original filing or even attempting to offer documentary evidence of its existence. According to Foster, these bare contentions, made in her

brief only, are sufficient to state a claim and withstand a motion to dismiss.  Her argument is not well-taken.  A plaintiff cannot by way of her response brief supplement her complaint with allegations that are inconsistent with those set out in the complaint.  *See Help at Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).  The Court further notes that the evidence in the record belies her arguments.  The January 14, 2014 EEOC charge attached to her original complaint in this case provides that the latest date CTA allegedly discriminated against her was November 30, 2011.  (Dkt. # 1-1, p. 35.)  If she indeed had originally filed this "same charge" in 2009, she could not have plausibly used the 2011 date as the latest date of a violation.  Moreover, the 2011 date is beyond the 300-day and 180-day window for her January 14, 2014 charge to be considered timely.

Even if Foster's claims were timely, the CTA argues that her Title VII retaliation claim nonetheless fails on the merits.  To adequately plead a claim for retaliation under Title VII, a plaintiff must allege (1) that she engaged in a legally protected activity, (2) she suffered an adverse employment action, and (3) a causal connection between the protected activity and the adverse action.  *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).  While Foster is not required to plead a prima facie case at this stage, she nonetheless retains the burden of alleging facts sufficient to state all the required elements of her claim.  *Twombly*, 550 U.S. at 569-70. The CTA argues that Foster failed to sufficiently plead the first and third elements.  The Court agrees.

Foster alleges that she "reported over the years instances of employment discrimination based on race directed against" various fellow employees, specifically that these men were repeatedly assigned with her "to work as a team at the dirtiest and least desirable work sites."

5

(Dkt. # 22-1, ¶¶ 12, 14.) Here, the adverse actions she alleges are "repeated discipline" on false charges of misconduct, and "repeatedly [being] forced" to work the least desirable work sites. (*Id.* ¶¶ 18, 19.) It appears from her complaint that she made these reports "to CTA," (*Id.* ¶ 11), but there are no facts alleged in the complaint about when or to whom these reports were made. She also fails to allege any facts about the alleged retaliatory acts, including who issued the discipline or assigned her to the work sites, and when these actions occurred, including whether they took place before or after her alleged reports regarding discrimination. These omissions are crucial because she must also allege a causal connection between the protected activity and the adverse action. Without more specificity, Foster's allegations appear circular and conclusory.

For all these reasons, Foster's Title VII, ADA and IHRA claims fail and are dismissed.

*2. Intentional Infliction of Emotional Distress Claim*

Having dismissed Foster's federal claims, this Court ultimately has discretion over whether to exercise supplemental jurisdiction over her remaining state law intentional infliction of emotional distress claim. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866, 173 L.Ed.2d 843 (2009); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."). This Court declines to exercise jurisdiction over Foster's state law claim.

The Court notes that even if it were to exercise jurisdiction over this claim, it nonetheless would be dismissed as untimely and on the merits. The CTA argues that Foster failed to bring her claim within Illinois' two-year statute of limitations for torts. The Court finds that since Foster's complaint only alleges misconduct by the CTA from 1987 to 2009, and she filed the instant action in 2014, her claim is barred by the applicable two-year limitations period. *See* 735

ILCS 5/13-202.  Regarding the merits of her claim, Foster has failed to sufficiently allege any of the required elements, (1) extreme and outrageous conduct; (2) that a CTA actor either intended that his conduct inflict severe emotional distress or knew that there was at least a high probability that his conduct would cause severe emotional distress; and (3) the conduct caused severe emotional distress.  *Hegy v. Community Counseling Ctr. of Fox Valley*, 158 F. Supp. 2d 892, 897 (N.D. Ill. 2001) (Castillo, J.).  For all these reasons, Foster's claim for intentional infliction of emotional distress fails.

Overall, despite the concerning allegations, the arguments and additional facts supplied in Foster's response brief appear futile in that they would not survive a motion to dismiss.  However, the Court recognizes the Seventh Circuit's recent decisions instructing district courts to strongly consider allowing plaintiffs an opportunity to re-plead when their complaints are deficient, as is the case here.  *See, e.g., Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518-22 (7th Cir. 2015).  Accordingly, the Court will allow Foster an opportunity to file an amended complaint to remedy the deficiencies identified, yet without prejudging the case, the Court is nevertheless doubtful that it can be achieved for the reasons stated above.

**Conclusion**

For the foregoing reasons, the CTA's motion to dismiss [29] is granted and Foster's complaint is dismissed without prejudice.  Foster is permitted 21 days from entry of this order to file a motion for leave to file an amended complaint, otherwise her complaint will be dismissed with prejudice.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED:  September 28, 2015